IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **NICHOLAS PAUL MILLER,** *et al.*, | : | CIVIL ACTION |
| Plaintiff, | : | |
| | : | |
| v. | : | NO. 23-3992 |
| | : | |
| **COUNTY OF CHESTER,** *et al.*, | : | |
| Defendants. | : | |

# ORDER

**AND NOW**, this 19th day of January 2024, upon consideration of Plaintiffs Nicholas Paul Miller and Matthew Davis's motions to proceed in forma pauperis (DI 1, 6), their Prisoner Trust Fund Account Statements (DI 3, 7), their pro se Complaint (DI 2), the motion to dismiss filed by the Chester County District Attorney's Office (DI 10), and for reasons in the accompanying memorandum, it is **ORDERED**:

1.  Plaintiffs' motion for leave to proceed in forma pauperis (DI 1, 6) are **GRANTED** pursuant to 28 U.S.C. § 1915.

2.  Nicholas Paul Miller, #0053138, shall pay the full filing fee of $350 in installments, pursuant to 28 U.S.C. § 1915(b), regardless of the outcome of this case. The Court directs the Warden of Chester County Prison or other appropriate official to assess an initial filing fee of 20% of the greater of (a) the average monthly deposits to Mr. Miller's inmate account; or (b) the average monthly balance in Mr. Miller's inmate account for the six-month period immediately preceding the filing of this case. The Warden or other appropriate official shall calculate, collect, and forward the initial payment assessed pursuant to this Order to the Court with a reference to the docket number for this case. In each succeeding month when the amount in Mr. Miller's inmate trust fund account exceeds $10.00, the Warden or other

appropriate official shall forward payments to the Clerk of Court equaling 20% of the preceding month's income credited to Mr. Miller's inmate account until the fees are paid.  Each payment shall refer to the docket number for this case.

3. Matthew Davis, #0033098, shall pay the full filing fee of $350 in installments, pursuant to 28 U.S.C. § 1915(b), regardless of the outcome of this case.  The Court directs the Warden of Chester County Prison or other appropriate official to assess an initial filing fee of 20% of the greater of (a) the average monthly deposits to Mr. Davis's inmate account; or (b) the average monthly balance in Mr. Davis's inmate account for the six-month period immediately preceding the filing of this case.  The Warden or other appropriate official shall calculate, collect, and forward the initial payment assessed pursuant to this Order to the Court with a reference to the docket number for this case.  In each succeeding month when the amount in Mr. Davis's inmate trust fund account exceeds $10.00, the Warden or other appropriate official shall forward payments to the Clerk of Court equaling 20% of the preceding month's income credited to Mr. Davis's inmate account until the fees are paid.  Each payment shall refer to the docket number for this case.

4. The Clerk of Court is **DIRECTED** to send a copy of this order to the Warden of Chester County Prison.

5. The Complaint is **DEEMED** filed.

6. The Complaint is **DISMISSED IN PART WITH PREJUDICE AND IN PART WITHOUT PREJUDICE** for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for the reasons stated in the Court's Memorandum as follows:

    a. Plaintiffs' claims against Chester County Prison and its Maintenance Department, the Chester County Health Department, and the Chester County District Attorneys'

Office, and their individual capacity claims arising from their claims under the Americans with Disabilities Act, 42 U.S.C. § 12101, *et seq*. are **DISMISSED WITH PREJUDICE**;

    b. Plaintiffs' claims against Chester County and their remaining individual capacity claims against the named individual Defendants are **DISMISSED WITHOUT PREJUDICE**.

 7. The Clerk of Court is **DIRECTED** to **TERMINATE** the following parties as Defendants: Chester County Prison and its Maintenance Department, the Chester County Health Department, and the Chester County District Attorneys' Office.

 8. Mr. Miller and Mr. Davis may file an amended complaint within thirty (30) days of the date of this Order.  Any amended complaint must identify all defendants in the caption of the amended complaint in addition to identifying them in the body of the amended complaint and shall state the basis for Mr. Miller and Mr. Davis's claims against each defendant.  The amended complaint must also provide as much identifying information for the defendants as possible.  Mr. Miller and Mr. Davis may refer to a defendant by last name only if that is the only identifying information possessed.  If Mr. Miller and Mr. Davis wish to name individuals for whom they do not have any identifying information, they may refer to those individuals as John Doe #1, John Doe #2, etc.[1]  The amended complaint shall be a complete document that does not rely on the initial Complaint or other papers filed in this case to state a claim.  When drafting their amended complaint, Mr. Miller and Mr. Davis should be mindful of the Court's reasons for dismissing the claims in their initial Complaint as explained in the Court's Memorandum.  Upon the filing of an amended complaint, the Clerk shall not make service until so **ORDERED** by the Court.

---

[1] Without the name of at least one individual or entity, however, the Court may be unable to direct service of any amended complaint that Mr. Miller and Mr. Davis may file.

9. The Clerk of Court is **DIRECTED** to send Mr. Miller and Mr. Davis a blank copy of the Court's form complaint for a prisoner filing a civil rights action bearing the above civil action number. Mr. Miller and Mr. Davis may use this form to file their amended complaint if they choose to do so.

10. If Mr. Miller and Mr. Davis do not wish to amend their Complaint and instead intend to stand on their Complaint as originally pled, they may file a notice with the Court within thirty (30) days of the date of this Order stating that intent, at which time the Court will issue a final order dismissing the case. Any such notice should be titled "Notice to Stand on Complaint," and shall include the civil action number for this case. *See Weber v. McGrogan*, 939 F.3d 232 (3d Cir. 2019) ("If the plaintiff does not desire to amend, he may file an appropriate notice with the district court asserting his intent to stand on the complaint, at which time an order to dismiss the action would be appropriate." (quoting *Borelli v. City of Reading*, 532 F.2d 950, 951 n.1 (3d Cir. 1976))); *In re Westinghouse Sec. Litig.*, 90 F.3d 696, 703–04 (3d Cir. 1996) (holding "that the district court did not abuse its discretion when it dismissed with prejudice the otherwise viable claims . . . following plaintiffs' decision not to replead those claims" when the district court "expressly warned plaintiffs that failure to replead the remaining claims . . . would result in the dismissal of those claims").

11. If Mr. Miller and/or Mr. Davis fail to file any response to this Order, the Court will conclude that Mr. Miller and Mr. Davis intend to stand on their Complaint and will issue a final order dismissing this case.[2] *See Weber*, 939 F.3d at 239-40 (explaining that a plaintiff's

---

[2] The six-factor test announced in *Poulis v. State Farm Fire & Casualty Co.*, 747 F.2d 863 (3d Cir. 1984), is inapplicable to dismissal orders based on a plaintiff's intention to stand on her complaint. *See Weber*, 939 F.3d at 241 & n.11 (treating the "stand on the complaint" doctrine as distinct from dismissals under Federal Rule of Civil Procedure 41(b) for failure to comply with a court order, which require assessment of the *Poulis* factors); *see also Elansari v.*

4

intent to stand on his complaint may be inferred from inaction after issuance of an order directing him to take action to cure a defective complaint).

      12.      The Motion to Dismiss filed by the Chester County District Attorney's Office (DI 10) is **DENIED AS MOOT**.

_____
MURPHY, J.

---

*Altria*, 799 F. App'x 107, 108 n.1 (3d Cir. 2020) (*per curiam*). Indeed, an analysis under *Poulis* is not required when a plaintiff willfully abandons the case or makes adjudication impossible, as would be the case when a plaintiff opts not to amend her complaint, leaving the case without an operative pleading. *See Dickens v. Danberg*, 700 F. App'x 116, 118 (3d Cir. 2017) (*per curiam*) ("Where a plaintiff's conduct clearly indicates that he willfully intends to abandon the case, or where the plaintiff's behavior is so contumacious as to make adjudication of the case impossible, a balancing of the *Poulis* factors is not necessary."); *Baker v. Accts. Receivables Mgmt., Inc.*, 292 F.R.D. 171, 175 (D.N.J. 2013) ("[T]he Court need not engage in an analysis of the six *Poulis* factors in cases where a party willfully abandons her case or otherwise makes adjudication of the matter impossible." (citing cases)).